# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DWAYNE MAGGARD, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:08CV00013 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **A&L RV SALES, ET AL.,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

*Dwayne Maggard and Carla Maggard, Pro Se Plaintiffs; Danielle D. Giroux, Harman, Claytor, Corrigan & Wellman, P.C., Richmond, Virginia, for Defendants.*

The plaintiffs, Dwayne Maggard and Carla Maggard, have sued A&L RV Sales ("A&L") and Four Winds International ("Four Winds") over a Four Winds motor home purchased by them from A&L. They claim breach of warranty and violation of the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code Ann. §§ 59.1-207.9 to -.16.1 (2006), commonly known as the Virginia "lemon law." In their Complaint, the plaintiffs specifically contend that the motor home "leaks in the drivers [sic] compartment" and "[a]fter numerous repair attempts, the vehicle is still significantly impaired." (Compl. ¶ 2.)

The action was timely removed to this court by the defendants, based on diversity in citizenship and amount in controversy, *see* 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2008), and the defendants filed a Motion to Dismiss. Counsel for the

plaintiffs was then allowed to withdraw. I granted the plaintiffs additional time to find another lawyer, and failing that, additional time to respond to the Motion to Dismiss. No new attorney has entered an appearance and no response has been filed to the Motion to Dismiss, which is therefore ripe for decision.

For the following reasons, I will grant the Motion to Dismiss in part and deny it in part.

The defendants first argue that the plaintiffs' causes of action are barred by the applicable statute of limitations. According to the Bill of Sale and Owner Registration Card, the motor home was purchased on May 30, 2005, and delivered on June 13, 2005.[1] The present action was filed in state court on November 14, 2007.

The Virginia lemon law requires that any court action be brought within eighteen months following delivery of the motor vehicle, provided that any good faith attempts to settle the dispute pursuant to the manufacturer's informal dispute resolution procedure extends the period of limitations to twelve months from the date of the final action by the manufacturer. *See* Va. Code Ann. § 59.1-207.16. The plaintiffs allege in their Complaint that they attempted in good faith to settle the

_____

[1] These documents were not attached to the Complaint, but were supplied by the defendants. The court may consider them in connection with the Motion to Dismiss because these documents are central to the plaintiffs' claim, and their authenticity is not disputed. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002).

- 2 -

matter with the manufacturer, and accordingly I cannot on this record determine whether the present action was timely filed.

It is also contended that the manufacturer's Limited Warranty bars the action. That document requires any action to be brought within one year following the expiration of the applicable warranty period, which is either twelve months or thirty-six months, depending on the type of warranty at issue. Because I cannot determine at this point in the case which warranty applies, I cannot decide if the action was brought within the requisite period of time under the manufacturer's Limited Warranty.

The defendants also contend that only a manufacturer is liable under the Virginia lemon law, and not a dealer such as A&L. *See* Va. Code Ann. § 59.1-207.13 (imposing duties on manufacturer). I agree, and will dismiss any claim under the Virginia lemon law against A&L.

It is argued that the complaint fails to sufficiently allege a breach of warranty against A&L. "[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Additionally, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Using these standards, I find that the Complaint is sufficient and will deny the Motion to Dismiss as to this ground.

Finally, the defendants assert that the Virginia lemon law does not apply to Four Winds because it did not make the self-propelled motorized chassis of the motor home and thus falls outside the law's definition of a "motor vehicle." *See* Va. Code Ann. § 59.1-207.11; *Parks v. Newmar Corp.*, 384 F. Supp. 2d 966, 971 (W.D. Va. 2005) (Moon, J.).

Even if I were to follow the reasoning of *Parks*, the present record does not allow me to make the necessary factual determinations and accordingly the Motion to Dismiss will be denied as to this ground. *See id.* at 968 (noting that court denied earlier motion to dismiss under Rule 12(b)(6) because discovery had not taken place).

For the foregoing reasons, it is **ORDERED** as follows:

1.     The Motion to Dismiss (#12) is granted in part and denied in part;

2.     The Motion to Dismiss is granted as to any claim against A&L RV Sales under the Virginia lemon law;

3.     The Motion to Dismiss is otherwise denied; and

- 4 -

4.      The clerk is directed to cancel the jury trial now scheduled and in lieu thereof schedule a pretrial conference in Big Stone Gap.  If the plaintiffs still do not have an attorney, at least one of them must appear in person at the pretrial conference or their case may be dismissed without further notice for failure to prosecute it.

ENTER: July 3, 2008

/s/ JAMES P. JONES
Chief United States District Judge